WILLIAM W. MINER *vs.* J. MILNER MARSH ET AL.

* First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The right of appeal from a lower court to the Supreme Court, given by § 5820 of the General Statutes, depends solely upon the fact that the appellant is a party to the suit and not upon a determination of the question whether he is aggrieved by the decision appealed from.

It is the duty of a trial judge, under § 5824 of the General Statutes, to make a finding of facts whenever it is necessary for the proper presentation of the questions of law raised in an appeal.

Argued January 9th—decided January 30th, 1925.

APPLICATION to this court, by the respondents J. Milner Marsh and R. Darwell Conklin, for an order directing the trial judge (*Brown, J.*), in the Superior Court in New Haven County, to make and file a finding of facts for the purposes of an appeal. *Application of Marsh, granted; of Conklin, denied.*

*Ernest L. Averill,* in support of the application.

*Philip Pond,* in opposition to the application.

* Transferred from third judicial district.

PER CURIAM.   At the town election held in Madison on the first Monday of October, 1924, there were three candidates for the office of registrar of voters. Miner was the candidate on the ballot in the column headed "Republican," J. Milner Marsh in the column headed "Independent Republican," and R. Darwell Conklin in the column headed "Democratic." The moderator declared Marsh and Conklin elected.   Miner brought a petition under § 282 of the General Statutes, making both Marsh and Conklin parties, and claiming (1) that he had received the highest number of votes for the office, had the same been properly counted; and (2) that he had at least received the next highest number of votes, and being of a different political party than Marsh should have been declared elected, and praying for a certificate of election.

The judge, after hearing had, found that Miner received 372 votes, Marsh 380 votes, and Conklin 21 votes, and thereupon decided the first claim adversely to Miner.   As to the second claim, he held that Miner was of a different political party than Marsh, and having received the next highest number of votes should have been declared elected.   He thereupon issued a certificate so declaring.

Both Marsh and Conklin duly appealed and filed their draft-finding and requested the trial court to file a finding.   This the judge refused to make in the case of Marsh; in the case of Conklin, he made a finding reciting therein that Conklin had made no appearance by himself or counsel, and made no claims of law during the trial as to the judgment to be rendered. Thereupon both respondents brought their application to this court under General Statutes, § 5824, praying that this court "order said judge to make and file said finding within such time as said court shall fix."

The right of these respondents to appeal is given by

§ 5820 of the General Statutes: " . . . if either party thinks himself aggrieved by the decision of the court upon any question or questions of law arising in the trial." We construed this provision in *Yudkin* v. *Gates*, 60 Conn. 426, 427, 22 Atl. 776, saying: "This language plainly expresses what we should hold to be the rule had the words 'thinks himself' been omitted, namely, that the right to appeal depends upon the fact of being a party, not upon whether it shall finally be determined that the decision is one by which he is aggrieved. Any other construction would involve the decision of the question raised, in a preliminary hearing as to whether it could be raised."

This construction is reiterated in *McWilliams* v. *Morton*, 97 Conn. 514, 518, 519, 117 Atl. 557. These decisions do not leave the question at issue in this case in doubt. It is necessary for the proper presentation of the questions of law raised on this appeal that there should be a finding of all the facts arising in the cause. General Statutes, § 5824. The respondent Marsh was entitled to have had his request for a finding granted. The application of Marsh is granted pursuant to § 5824 of the General Statutes.

The request for a like order in the case of Conklin is denied. A finding was made in his case, and the rules provide a remedy in case appellant Conklin desires to have the finding corrected.

It is ordered that the judge who tried this cause shall make and file a finding of facts in the case of Marsh, within a reasonable time.

MR. JUSTICE KELLOGG died after the cause was argued and took no part in its decision.