## WILLIAM W. MINER vs. J. MILNER MARSH ET AL.

*First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Section 263 of the General Statutes provides that of the candidates for the office of Registrar of Voters, the two receiving the highest number of votes and not belonging to the same political party, shall be declared elected. At the annual election in the town of Madison, there were three candidates: the defendant C, a Democrat, the plaintiff, a Republican, and the defendant M, an Independent Republican, a party which was composed of former members of the Republican party who, dissatisfied with the results of the caucus held shortly before the election, withdrew from their party, nominated their own ticket and, by petition addressed to the Secretary of State, secured a separate column upon the official ballot for their list of nominees. M received the highest number of votes, the plaintiff was second, and C was third, but the moderator declared M and C elected, refusing to recognize the plaintiff's claim to the office on the ground that M and the plaintiff belonged to the same political party. Upon plaintiff's petition for a recount, the trial judge, having found that M and the plaintiff had received the highest number of votes, ruled that they did not belong to the same political party, and declared that both were elected. *Held:*

1. That, although C had filed no pleading before the trial judge and had not participated in the hearing, he was entitled to appeal to

* Transferred from third judicial district.

this court for the purpose of defending his title to the office to which he had originally been declared elected by the moderator.

2. That the trial court properly ruled that the Independent Republicans and the Republicans constituted separate and distinct political parties; and that the plaintiff and M were duly elected.

3. That evidence concerning party organizations and affiliations before and after the election in question was irrelevant and properly excluded by the trial judge.

Argued May 8th—decided June 11th, 1925.

PETITION for a recount of the ballots cast at the annual election in the town of Madison in October, 1924, and for the issuance of a certificate to the plaintiff as registrar of voters of said town, brought to and heard by the *Hon. Allyn L. Brown,* a judge of the Superior Court; judgment for plaintiff, and appeal by defendants. *No error.*

*Ernest L. Averill,* for the appellants (defendants).

*Philip Pond,* with whom was *Arthur W. Marsden,* for the appellee (plaintiff).

KEELER, J. This is a petition for a recount of the ballots cast at the aforesaid election. The petitioner alleges that he was the candidate for registrar at this election upon the Republican ticket, and that the respondent Marsh was a candidate on the Independent Republican ticket, and the respondent Conklin was a candidate upon the Democratic ticket; that the election officers at the election unlawfully rejected twelve votes that should have been counted for him for this office; that the election officials announced the votes cast for Marsh for the office as 381, for Conklin 21, and for the petitioner 373; that had the rejected votes been counted for petitioner, he would have had the largest number of votes for the office; that upon the votes as counted by the election officers, the moderator declared Marsh and Conklin elected to the office of

registrar of voters. The petition further alleges that the certificate required by law as to the votes cast as required by statute was not filed with the town clerk, and that the registrars did not file the legal certificate with the town clerk, as to the number of voters checked and not checked, and prayed that the ballot-box be opened and a determination of the rights of the petitioner in the premises be had.

This petition was one of several others heard at the same time, among them that of *Meigs* v. *Theis, ante,* p. 579, and the facts in both cases are much the same. A demurrer to the petition was filed and overruled, and afterward a trial had upon the issues raised by the answer. The ballot-box was opened by order of the judge, and a count of the ballots made as bearing upon the question of the election of registrars. As a result of this count and the matters appearing upon the face of the ballots, it appeared that the vote cast for registrars was as follows: for Marsh 380, for Miner 372, and for Conklin 21. For facts common to this case and that of *Meigs* v. *Theis,* reference is made to the report of that case. Additional facts found by the judge and not appearing in the finding last referred to, appear in the finding in the present case, and may be summarized as follows: On September 15th, 1924, the Republican caucus was held, and thereat the petitioner was nominated for the office of registrar. Certain republicans who had attended the caucus, dissatisfied with its result, bolted the ticket, held a caucus and put in nomination a full ticket for town offices, and among the persons nominated the respondent Marsh was named for the office of registrar. The Democrats nominated a ticket for all offices, and the respondent Conklin was named thereon for the office of registrar. The Independent Republicans, by means of a petition addressed to the Secretary of State, secured the plac-

ing of their nominations upon the official ballot in a column headed "Independent Republican." The name of Marsh appeared on this ballot as a candidate for registrar. The result of the count of ballots at the town meeting for registrars was announced as for Miner 373, Marsh 381, and Conklin 21. The various facts concerning the conduct of the meeting in general are detailed in the finding of the case of *Meigs* v. *Theis, ante,* p. 579. The judge ordered a recount which resulted in his finding that as to the office of registrar, the ballots properly cast and counted showed for Marsh 380, for Miner 372, for Conklin 21. Conklin was duly served with the petition in the case, did not appear personally or by counsel, filed no pleading, neither offered nor objected to evidence, and made no claims of law or fact, and made no effort to be heard. The Democratic vote was very small at the election and out of the total votes cast there were only fourteen straight Democratic ballots.

The judge reached the following conclusions: (1) That the petitioner received three hundred and seventy-two votes for registrar, the respondent Marsh three hundred and eighty, and the respondent Conklin twenty-one votes; (2) that the respondent Marsh and the petitioner Miner were elected registrars of voters for the town of Madison; (3) that the petitioner Miner and the respondent Marsh did not belong to the same political party within the meaning of the statute; (4) that there were three parties presenting candidates to the electors of the town of Madison at the town election held on the first Monday in October, 1924, to wit: the Republican Party, the Democratic Party, and the Independent Republican Party, the candidates for each of said parties being nominated by different groups of voters; (5) that the respondent Marsh was the candidate for registrar of the Indepen-

dent Republican Party, so-called, nominated at its caucus and knowingly was a candidate for office upon the ticket of another party or organization than that of the Republican Party, of which latter party the petitioner was the regularly nominated candidate for registrar, and to which party the petitioner belonged; (6) that the respondent Marsh had been a member of the Republican Party prior to said election, but had, for the purposes of said election, forfeited or abandoned his membership therein, becoming a member of the Independent Republican Party, so-called, and its regularly nominated candidate.

Certain rulings upon evidence were made at the trial in respect to the claims of the respondent Marsh only, with reference to party organizations in Madison previous to the town election and also to the same afterward, and to the membership of certain persons in the various parties, as bearing upon the question of the existence of the Independent Republicans as a true political party. The judge excluded these lines of testimony and correctly, ruling that the presence of the Independent Republican column upon the official ballot, placed there in accordance with law, and what occurred at the time of the election, constituted the only subjects properly and legally in question. Had the testimony been admitted and findings made thereon in accordance with what appears to have been the object of the inquiries as disclosed by the record, such findings could not in any way have changed the result arrived at by the judge, as matter of law.

A motion to correct the finding by certain additions and excisions was made by the respondent Conklin, which was denied by the judge except as the same appeared in his revised finding. We see no reason to question the action of the judge in this regard. No finding of the judge was made without evidence, and

no admitted or undisputed fact failed to be included in the revised finding, which is entirely adequate, and one on which all the claims of law made by the respondents can be based.

Apart from the errors assigned with reference to the correction of the finding, there is the further claim made that the judge erred in overruling the following claims made by the respondent Marsh: "(1) That the petitioner and the respondent Marsh were within the terms of section 263 of the Public Acts, Revision of 1918, of the 'same political party' on October 6, 1924; (2) that therefore though both received many more votes for registrar than the respondent Conklin, who concededly did not belong to the same political party as either, but one of them could be declared elected registrar; (3) that the respondent Conklin was properly declared by the moderator elected registrar irrespective of the vote received by either the petitioner or the respondent Marsh; (4) that the group or organization which placed in nomination and tried to elect the 'Independent Republican' ticket in this town election did not thus comprise or constitute a different political party under said section 263 of the General Statutes from the party which placed in nomination and tried to elect the 'Republican' ticket in said election."

The questions presented to the court and discussed in brief and argument were as follows: (1) Should the ballot-box have been opened? (2) Are the respondents aggrieved? (3) Were Miner and Marsh of different political parties? We determined that abundant and legal reason existed for opening the ballot-boxes in *Meigs* v. *Theis, ante,* p. 579, to which reference is made for a discussion of the question.

The question whether the respondents were aggrieved by the judge's decision came up in a pre-

liminary way at a previous session of this court. Originally the judge refused to make a finding upon appeal, holding that neither of the respondents were aggrieved; the respondent Marsh, because the court had reversed the ruling of the moderator and declared this respondent elected as registrar, and holding, as to the respondent Conklin, that he had not appeared in the hearing before the judge nor in any way participated therein, and that his first movement in the case had been to appeal from the decision rendered. This court, in view of the summary and informal nature of the proceeding invoked in the instant case, and deeming a fuller and more explicit presentation of the facts found in the proceedings necessary as furnishing a basis for reviewing the action of the judge, made an order directing the judge to make a finding of facts, which was done, and now appears as part of the appeal record, and the same questions raised at the time of the motion are raised in the present appeal. *Miner* v. *Marsh,* 101 Conn. 733, 127 Atl. 513.

To consider the matter briefly, we may observe that the determination of the judge was adverse to Conklin's election as declared by the moderator. His claim to this office had been pressed at the hearing by counsel for Marsh, as involved in the latter's claim to election.

In view of the nature of our statutory election petition, and the almost entire lack of procedural legislation in connection therewith, and considering the very evident interest of Conklin in the result, we are not prepared to say that his belated entrance upon the record deprives him of any opportunity to defend his title to the office to which he originally had been declared elected. So far as Marsh is concerned, he was an active party to the proceeding, and while he had been declared elected a registrar, still, as the record

in the instant case now stands, we have already decided that he is a proper party to the appeal. *Miner* v. *Marsh,* 101 Conn. 733, 735, 127 Atl. 513.

The third claim of the respondents involves the rightful existence of the Independent Republicans as a political party. In the first place, the Independent Republican ticket occupied legally a place upon the official ballot. Those promoting its existence had complied with the law and had received recognition at the hands of the Secretary of State in conformity to the provisions of the statute. But counsel for the respondents insist that the names placed upon the ballot were placed there by persons whose names appeared upon the Republican caucus list, and whose petition to the Secretary had specifically stated that the signers were Republicans.

It is not required that a new party applying for official recognition on the official ballot should issue forth from a cave of Adullam, and be composed of malcontents of every political stripe. Further, by one of the provisions of General Statutes, § 691, those appearing upon the Independent Republican ticket automatically separated themselves from the original Republican organization, each one of them by knowingly becoming "a candidate for office . . . of another party or organization," different from that to which each had formerly belonged. The new organization thus formed, even though it had its origin for the purposes of a particular election, without any intention of indefinite continuance, was entitled to privileges of a political party.

We think that the question now before us is fully determined by our decision in *Fields* v. *Osborne,* 60 Conn. 544, 547, 21 Atl. 1070. The facts in that case show that divers citizens, some Republicans and some Democrats, in the town of Branford united and put

Miner *v.* Marsh.

up a "Citizens' Ticket" in a town election. We held that such a procedure complied with the law requiring each ballot to have a party name, and that for the time being there existed a Citizens' Party in Branford, and that the motives and future purposes of the organization of the new party were not proper subjects of inquiry. In the opinion in that case we said: "The element of time is not essential to the formation of a legal party; it may spring into existence from the exigencies of a particular election, and with no intention of continuing after the election has passed. To hold the contrary would be to strike a blow at that independence of political action upon which the good government of a locality may depend. Nor can the number of voters that must unite . . . to form a legal party be prescribed by law without violating one of the fundamental theories of popular government."

Registrars of voters have numerous statutory duties in connection with the preliminaries of elections and their subsequent orderly conduct. The legal provision that in each town there shall be two, is unquestionably based upon the experience that there will always be two parties of predominant size. Yet in the various towns of the State there have often been more than two political parties, and in the larger towns for years ordinarily this has been the case, yet the law has not provided for as many registrars as there might be parties, being evidently founded upon the idea that two persons of opposed political preference, acting according to law, would suffice to protect the interests of all political groups. It would certainly not, in the present case, place any undue care or labor upon the two registrars declared elected, to safeguard the rights of the small number of Democrats in Madison indicated by the poll in the town election of 1924. There-

fore, there can be no basis for the claim that one of the registrars ought of necessity to be a Democrat.

So far as indicated in his certificate of election there is no error in the decision of the judge.

In this opinion the other judges concurred.