### Maximino Mendez *v.* Judy C. P. Mendez

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued December 1, 1970—decided January 7, 1971

*James M. Higgins,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Francis J. MacGregor,* assistant attorney general, for the appellant (state).

*Kenneth D. Fernino,* for the appellee (plaintiff).

ALCORN, C. J.  The plaintiff brought this action against the defendant seeking a divorce on the grounds of intolerable cruelty and adultery.  He alleged that there are no minor children of the marriage and that neither he nor the defendant is receiving assistance from any town or state agency. Consequently, there was no necessity, under Practice

Book § 374 as then in force, to serve a copy on the welfare commissioner and no such service appears to have been made.

An answer was filed by Michael H. Heneghan, who had appeared as attorney for the defendant, and, on the plaintiff's motion, the case was referred to a state referee for hearing. Subsequently, the defendant filed a cross complaint which was withdrawn at the time of the hearing and the defendant did not contest the plaintiff's claim for a divorce on the ground of adultery. The court found that two children had been born to the defendant in 1966 and 1968 after the parties had permanently separated in 1964 and that the plaintiff was not the father. Judgment was rendered granting the plaintiff a divorce on the ground of the defendant's adultery "on divers days between December 14, 1963 and November 21, 1966" and finding that there are no minor children issue of the marriage.

The present appeal from the judgment purports to be taken by "the defendants, Judy Mendez and the State of Connecticut." The appeal, the request for a finding, and the draft finding, however, are by "The Defendants, Robert K. Killian, Attorney General, By Francis J. MacGregor, Assistant Attorney General, Their Attorney." The brief is submitted by "Defendant Robert K. Killian, Attorney General, by Francis J. MacGregor Assistant Attorney General."

The claim sought to be raised is that the presumption of legitimacy applies and that no testimony of the plaintiff tending to illegitimatize the children was admissible in evidence.

There are several reasons why this record presents no justiciable issue. First of all, there is nothing in the record to show that the attorney general has any

proper standing in the case. Neither the state nor the attorney general was named as a party in the complaint and no order of court joining either as a party appears to have been made. The named defendant, the only real defendant, has taken no active part in the appeal. Second, it does not appear from the finding that any objection to any evidence was made at the trial. Practice Book § 648. Quite obviously, we cannot review a ruling which is not shown to have been made by the trier. *State* v. *Marquez,* 160 Conn. 47, 52, 273 A.2d 689. Third, it is impossible to learn from the finding what facts concerning the illegitimacy of the children came from the plaintiff's own testimony.

Errors assigned in the finding are not pursued in the brief and are, therefore, considered abandoned. *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

There is no error.

In this opinion the other judges concurred.