## Donna Durso *v.* Wayne Misiorek
### (2014)

Dupont, C.P.J., Spallone and Daly, Js.

Argued November 13, 1984—decision released January 22, 1985

*Douglas B. Sherman,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*Sheila K. Horvitz,* with whom, on the brief, was *Karen K. Lamb,* for the appellee (defendant).

Per Curiam. This is an appeal[1] by the state from a judgment rendered after a jury found that the defendant was not the father of the plaintiff's child.

The action was commenced by filing a verified petition, with summons and order in the appropriate geographical area of the Superior Court, pursuant to General Statutes § 46b-160. During the course of the trial, the plaintiff requested a continuance in order to call her husband as a witness to rebut the defendant's testimony that the plaintiff had visited her husband during the period when conception occurred. At the time of conception, the plaintiff was separated from her husband. The continuance request was denied. After the judgment had been rendered, an appearance was filed by the state, and it subsequently appealed from the judgment.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

The issues raised on appeal, whether a husband may testify as to nonaccess, and whether the trial court abused its discretion in failing to grant a continuance in order to obtain such testimony, need not be reached because this court has no jurisdiction over the appeal. Although neither party has attacked jurisdiction, we have no alternative but to address the question. *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 498 n.4, 467 A.2d 674 (1983).

"The right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. *State* v. *Audet,* 170 Conn. 337, 342, 365 A.2d 1082 (1976); *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715 (1948). The statutory right to appeal is limited to appeals by aggrieved parties from final judgments. General Statutes §§ 52-263, 51-197a; see Practice Book § 3000." *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983).

The state in this case was not a party to the action in the trial court and the plaintiff is not a party in the appeal. Although General Statutes § 46b-160 provides in pertinent part, "[i]n cases involving public assistance recipients the petition shall also be served upon the attorney general who shall be and remain a party to any paternity proceeding and to any proceedings after judgment in such action," the petition was never so served and the attorney general never moved to intervene.[2]

Procedural irregularities have been discussed in previous appellate decisions concerning paternity.

---

[2] A review of the transcript makes it clear that this case involves a recipient of public assistance.

None, however, involves an appeal in which a party aggrieved in the trial court did not appeal, as is true here.

In *Mendez* v. *Mendez*, 160 Conn. 237, 278 A.2d 795 (1971), an appeal was taken by the defendant mother and the state from a judgment granting the plaintiff a divorce. The trial court found that two minor children, born during the period of the marriage, were not issue of the marriage. The Supreme Court concluded that no justiciable issue was present because the only real defendant, the mother, took no active part in the appeal and "[n]either the state nor the attorney general was named as a party in the complaint and no order of court joining either as a party appears to have been made." Id., 239.

Although the attorney general has been allowed, after final judgment, to file an appearance on the appellate level, without having moved to intervene; *Gelinas* v. *Nelson*, 165 Conn. 33, 40–41, 327 A.2d 565 (1973); and has been allowed to join in the petitioner-appellant's brief without a formal appearance or a motion to intervene; *Castellani* v. *Criscuolo*, 36 Conn. Sup. 501, 502, 409 A.2d 1040 (1979); no Connecticut case stands for the proposition that an appeal of a paternity action may proceed in an appellate court without an appeal having been taken by the aggrieved party who was the sole participant in the trial.

The appeal is dismissed sua sponte.