DONNA DURSO *v.* WAYNE MISIOREK
(12741)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and CALLAHAN, Js.

Argued May 1—decision released July 29, 1986

*Douglas B. Sherman,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*Mary E. Holzworth,* with whom, on the brief, was *Sheila S. Horvitz,* for the appellee (defendant).

SANTANIELLO, J. The sole issue on this appeal after certification from the Appellate Court is whether, in a paternity action involving a public assistance recipient under General Statutes § 46b-160,[1] the attorney general is a party to the proceedings and has standing to appeal even though he was not served with the peti-

---

[1] General Statutes § 46b-160 provides: "Proceedings to establish paternity of a child born or conceived out of lawful wedlock, including one born to, or conceived by, a married woman but begotten by a man other than her husband, shall be instituted by a verified petition of the mother or expectant mother, with summons and order, filed in the superior court for the geographical area in which either she or the putative father resides. For trial purposes, jurors shall be selected from the judicial disctrict in which such geographical area is located. In cases involving public assistance recipients the petition shall also be served upon the attorney general who shall be and remain a party to any paternity proceeding and to any proceedings after judgment in such action. Upon the filing of such petition, said court or any judge assigned to said court shall cause a summons, signed by him or by the clerk or assistant clerk of said court, to be issued, requiring the putative father to appear in court at a time and place named therein to show cause, if any he has, why the prayer of such petition should not be granted. Such petition, summons and order shall be in a form approved by the judges of the superior court. In the case of a child or expectant mother being supported wholly or in part by the state, service of such petition may be made by any investigator employed by the department of human resources or the department of income maintenance. No such petition shall be brought after three years from the birth of such child, or after three years from cessation of contribution toward support of the child by the putative father, whichever is later; provided the provisions of section 52-590

tion and did not participate at trial. The plaintiff, Donna Durso, brought this action against the defendant, Wayne Misiorek, to establish the paternity of the plaintiff's minor child. The case was tried to a jury which returned a verdict in favor of the defendant. After the court, *Hendel, J.,* rendered judgment in accordance with the verdict, the attorney general filed a formal appearance and appealed to the Appellate Court. Without addressing the attorney general's claims of error, the Appellate Court dismissed the appeal on jurisdictional grounds. We granted certification to review the Appellate Court's finding that the attorney general was not a party to the action below and lacked standing to appeal. We reverse the judgment of the Appellate Court and remand for further proceedings.

The decision of the Appellate Court fully describes the relevant procedural history of the case. *Durso* v. *Misiorek,* 3 Conn. App. 212, 485 A.2d 1309 (1985). The plaintiff brought this action pursuant to General Statutes § 46b-160, which provides that "[p]roceedings to establish paternity of a child born or conceived out of lawful wedlock, including one born to, or conceived by, a married woman but begotten by a man other than her husband, shall be instituted by a verified petition of the mother or expectant mother, with summons and order . . . . " The plaintiff was at the time a recipient of state aid to families with dependent children and her attorney was selected pursuant to § 17-82e-6[2] of

shall be applicable to this section. If such putative father fails to appear in court at such time and place, the court may hear the petitioner and enter such judgment and order as the facts may warrant. Such court may order continuance of such hearing; and if such mother or expectant mother continues constant in her accusation, it shall be evidence that the respondent is the father of such child."

[2] Regs., Conn. State Agencies § 17-82e-6 (3) provides: "Paternity proceedings are handled by private attorneys. The mother can select an attorney of her choice or, if she has none, the child support unit will give names of at least three attorneys from which to make a choice. She must make a

the Regulations of Connecticut State Agencies. Although required under General Statutes § 46b-160, the plaintiff did not serve the attorney general with her petition. The attorney general also did not appear or participate at trial. The court entered its judgment on September 22, 1982, and the attorney general thereafter filed an appearance and appealed to the Appellate Court. The plaintiff did not join the appeal.

After receiving briefs and hearing oral argument, the Appellate Court, on January 22, 1985, sua sponte dismissed the appeal for lack of jurisdiction.[3] It rested its decision on the ground that the attorney general lacked standing to bring the appeal because: (1) he had not been a party to the action in the trial court; and (2) he had not participated at trial. *Durso* v. *Misiorek,* supra, 213-14. The attorney general claims that the Appellate Court erred in dismissing the appeal, arguing that under General Statutes § 46b-160 he is an automatic party to the paternity action and that participation at trial is not a requirement for standing. In reviewing this claim, our focus is on the judgment of the Appellate Court. We do not hear the appeal de novo and will consider only those issues squarely raised in the petition for certification. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 200 Conn. 630, 634, 513 A.2d 52 (1986); *Petrowski* v. *Norwich Free Academy,* 199 Conn. 231, 234, 506 A.2d 139 (1986); *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985).

choice within 15 days. If she has not chosen an attorney by the end of 15 days after being given the names, the child support division will choose an attorney. The child support division maintains a list of attorneys willing to take on paternity actions within department requirements."

[3] The parties did not raise the issue of standing in their arguments before the Appellate Court. *Durso* v. *Misiorek,* 3 Conn. App. 212, 213, 485 A.2d 1309 (1985). The Appellate Court was of course obligated to consider its jurisdiction to hear the appeal despite the parties' failure to raise it. *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 498 n.4, 467 A.2d 674 (1983).

We consider first whether the Appellate Court was correct in concluding that because the attorney general was not a party to the proceedings below, he lacked standing to appeal. It is well established that the right to appeal is purely statutory and is accorded only if the conditions fixed by statute are met. *Milford* v. *Local 1566,* 200 Conn. 91, 95, 510 A.2d 177 (1986); *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). General Statutes § 52-263 provides that in proceedings before the Superior Court, "if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment . . . ." See also Practice Book § 3000. The right to appeal is therefore limited to *parties* who are aggrieved by a final judgment of the trial court. *State* v. *Curcio,* supra; see *Paranko* v. *State,* 200 Conn. 51, 53–54, 509 A.2d 508 (1986). General Statutes § 46b-160 states in part that: "In cases involving public assistance recipients the petition shall also be served upon the attorney general *who shall be and remain a party* to any paternity proceeding and to any proceedings after judgment in such action." (Emphasis added.) The Appellate Court considered the effect of § 46b-160, but concluded that because the petition was not served on the attorney general, he never became a party to the action. In essence, the Appellate Court held that the attorney general's interest and status as a party to the proceedings was contingent upon having been served with the plaintiff's petition. We disagree with this interpretation of the statute and conclude that the attorney general was a party to the trial court proceedings.

When rendering judgment, the Appellate Court did not have the benefit of our decision in *Lavertue* v. *Niman,* 196 Conn. 403, 493 A.2d 213 (1985), where we held that indigent defendants in state-supported pater-

nity actions had a constitutional right to court-appointed counsel at state expense. In *Lavertue* we recognized the attorney general's standing to defend the appeal even though the plaintiff was not joined as a party. In so doing, we stated: "The state's interest in a paternity action concerning a child on public assistance is manifest and enduring. See *Little* v. *Streater,* [452 U.S. 1, 9, 101 S. Ct. 2202, 68 L. Ed. 2d 627 (1981)]. The mother of such a child is required, on pain of contempt, to identify the child's father and, in the event he does not acknowledge paternity, to bring an action against him. General Statutes §§ 17-82b, 46b-160, 46b-169; Regs., Conn. State Agencies §§ 17-82e-4 through 17-82e-6. The state assists the plaintiff in finding an attorney and pays the plaintiff's legal fees and costs. Regs., Conn. State Agencies §§ 17-82e-4, 17-82e-6. *The attorney general is automatically a party to such a paternity action,* and no such action can be settled without the approval of a state official. General Statutes §§ 46b-160, 46b-170. If the paternity action is successful and results in an award of child support, the moneys so awarded are paid directly to the state because the mother of a child on public assistance must assign her rights of support to the state. General Statutes § 17-82b."[4] (Emphasis added.) *Lavertue* v. *Niman,* supra, 406.

---

[4] The United States Supreme Court in *Little* v. *Streater,* 452 U.S. 1, 9, 101 S. Ct. 2202, 68 L. Ed. 2d 627 (1981), recognized that Connecticut's involvement in paternity proceedings "was considerable and manifest, giving rise to a constitutional duty. Because [the mother's] child was a recipient of public assistance, Connecticut law compelled her, upon penalty of fine and imprisonment for contempt, 'to disclose the name of the putative father under oath and to institute an action to establish the paternity of said child.' Conn. Gen. Stat. § 46b-169 (1981). See *Maher* v. *Doe,* 432 U.S. 526 [97 S. Ct. 2474, 53 L. Ed. 2d 534] (1977); *Roe* v. *Norton,* 422 U.S. 391 [95 S. Ct. 2221, 45 L. Ed. 2d 268] (1975). The State's Attorney General *automatically became a party to the action,* and any settlement agreement required his approval or that of the Commissioner of Human Resources or Commissioner of Income Maintenance. See Conn. Gen. Stat. §§ 46b-160 and 46b-170 (1981)." (Emphasis added.)

The legislature has explicitly recognized that the state has a considerable interest in paternity proceedings involving a child on public assistance and, through § 46b-160, has made the attorney general an automatic party to such actions. The purpose of the requirement that the attorney general be served is to provide the state with notice of the action. Because the provision benefits the state, the service of the petition can be waived by the attorney general. See *Brown* v. *Allen,* 166 Conn. 174, 176–77, 348 A.2d 666 (1974). The attorney general in this case waived the service requirement by entering a postjudgment appearance, having automatically become a party to the proceedings by operation of General Statutes § 46b-160. See also *Gelinas* v. *Nelson,* 165 Conn. 33, 40–41, 327 A.2d 565 (1973); *Castellani* v. *Criscuolo,* 36 Conn. Sup. 501, 502, 409 A.2d 1040 (1979).

The Appellate Court mistakenly relied on our decision in *Mendez* v. *Mendez,* 160 Conn. 237, 278 A.2d 795 (1971), where an appeal was brought by the attorney general and the wife from a judgment granting the husband a divorce. The trial court had determined that two minor children were not the issue of the marriage. We dismissed the appeal because the wife had not taken an active part in the appeal and "[n]either the state nor the attorney general was named as a party in the complaint and no order of court joining either as a party appears to have been made." Id., 239. At the time *Mendez* was decided, however, there was no statute, as here, making the attorney general an automatic party to the proceedings. The case is therefore inapposite. Interestingly enough, a few months following the *Mendez* decision, the legislature passed what is now General Statutes § 46b-55 (a) which provides: "The attorney general shall be and remain a party to any action for dissolution of marriage, legal separation or annulment, and to any proceedings after judgment in

such action, if any party to the action, or any child of any party is receiving or has received aid or care from the state.''

We also cannot agree with the Appellate Court's conclusion that the attorney general must participate at trial in order to have standing to appeal. *Durso* v. *Misiorek,* supra, 214. First, General Statutes § 46b-160 does not require the attorney general to participate at trial and the regulatory scheme is structured to allow the plaintiff to proceed with private counsel. See Regs., Conn. State Agencies § 17-82e-6. Indeed, it may not always be advisable for the attorney general to take an active role at trial. The state has two conflicting interests: on the one hand, as parens patriae, it has the obligation to insure that the child's father is accurately determined, and on the other hand, it has a financial interest in seeking reimbursement from the child's putative father. See *Lavertue* v. *Niman,* supra, 409. Thus, the state's presence at trial may in some cases only serve to confuse the jury. Secondly, participation at trial is not a requisite element of standing. See *Miner* v. *Marsh,* 102 Conn. 600, 603, 129 A. 547 (1925). Finally, as the defendant pointed out at oral argument, the state would in all likelihood be estopped from contesting the unfavorable judgment of the trial court in a collateral action for support payments. It would be unfair to hold, as the defendant nevertheless suggests, that the attorney general, without participating at trial, is unable to appeal from and yet is bound by the judgment of the trial court.

The Appellate Court therefore erred in concluding that the attorney general had no standing on the grounds that he was not a party to the proceedings and did not participate at trial.[5]

---

[5] The attorney general in his brief has also addressed the related issue of aggrievement. The Appellate Court never reached the issue, however,

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings.

In this opinion the other justices concurred.

because it found that the attorney general was not a party to the proceedings below. As such, we do not consider and express no opinion on whether the attorney general was sufficiently aggrieved to have standing.