Thomas S. Ridgway *et al.*, Plaintiffs in Error, *v.* Job Smith, Defendant in Error.

### ERROR TO GALLATIN.

Where an affidavit for an attachment alleges that a defendant is about to remove his property from this State to the injury of the plaintiff, and this allegation is traversed by a plea in abatement, it is not error on the trial of such a plea to instruct, that unless the jury believe, from the evidence, that the defendant was at that time about to remove his property as alleged, that they should find for the defendant.

Such a plea should conclude to the country, and a common similiter forms the issue; the burden of proof is on the plaintiff to maintain the allegation of his affidavit; and if the verdict is for the defendant, the writ is quashed, and he is out of court.

The opinion of the court gives a statement of the case. The plea was tried before Baugh, Judge, and a jury, at November term, 1854, of the Gallatin Circuit Court. The jury found for the defendant. The court awarded him costs, and quashed the writ of attachment. The plaintiffs below excepted and assigned errors.

Thomas and Olney for Plaintiffs in Error.

Nelson and Marshall for Defendant in Error.

Skinner, J. Peoples and Ridgway sued out of the Gallatin Circuit Court a writ of attachment against the estate of Smith. The writ was levied on a flatboat loaded with corn, and served on Smith by reading.

The affidavit alleged an indebtedness from Smith to Peoples and Ridgway of $1350, and that Smith was about to remove his property from this State, to the injury of Peoples and Ridgway.

Smith appeared, and filed his plea in abatement, traversing the allegation of the affidavit, that he was about to remove his property from this State to their injury.

Upon this plea an issue to the country was formed, and the jury found the issue for the defendant, Smith.

3

The court refused to instruct the jury, at the request of Peoples and Ridgway, that unless they believed, from the evidence, that Smith, at the time of suing out the writ, was *not* about to remove his property from this State to the injury of Peoples and Ridgway, they should find for the plaintiffs. But, at the request of Smith, the court instructed the jury that unless they believed from the evidence that, at the time of suing out the writ, Smith *was* about to remove his property from this State to the injury of Peoples and Ridgway, they should find for the defendant.

The evidence preserved in the bill of exceptions shows that Smith had long resided in Gallatin county; that he carried on the saddlery business, and was in the habit of trading for produce and taking the same to New Orleans for market; that he was about to depart with his flatboat and cargo of corn for New Orleans, at the time of the issuing of the writ, with the intention of selling the same there and returning home with the proceeds; that he was largely in debt, and that his property in Gallatin county, exclusive of the flatboat and cargo, was insufficient to pay his debts.

Peoples and Ridgway excepted to the ruling of the court upon the instructions, and moved for a new trial, which motion the court overruled, and rendered judgment against the plaintiffs for costs.

We think there is no error in the record. The statute provides, " that in case any plea in abatement traversing the facts in the affidavit shall be filed, and a trial shall be had thereon, if the issue shall be found for the defendant, the attachment shall be quashed."

This plea traversing the facts in the affidavit alleged, should conclude to the country, and the common similiter only is required to form a complete issue of facts. The burden of proof upon this issue is on the plaintiffs; and the court therefore did not err in refusing the instruction on the part of the plaintiffs below.

The motion for a new trial was properly overruled. It is not every removal of one's property from the State that will entitle the creditor to the writ of attachment. The intended removal must be to the injury of the creditor, and it did not follow that because Smith was about to remove his flatboat and cargo from the State for the purpose of sale, and with the intention of returning with the proceeds, that such removal was to the injury of Peoples and Ridgway. This might have been and probably was necessary to enable him to pay their debt; and if so, could not be to their injury.

The statute should not be so construed as to interrupt or discourage the ordinary commerce of the country, or to enable one

creditor, to the exclusion of others, to seize and appropriate to the satisfaction of his debt the effects of an honest but embarrassed and struggling debtor. This is the construction given the statute in the case of *White et al.*, v. *Wilson*, 5 Gil. 21, and we concur in the opinion of that case.

The plaintiffs, however, contend that the effect of the finding for the defendant on the issue was only to release the property attached, and that the defendant being in court should have answered to the declaration.

Such is not the law. The statute expressly provides that in such case the attachment shall be quashed, and the proper judgment, where the issue upon a plea in abatement is found for the defendant, always is, that the writ be quashed. The defendant is then out of court. R. S. 65, Sec. 8. *McKinstry* v. *Pennoyer*, 1 Scam. 320 ; *Bradshaw* v. *Morehouse*, 1 Gil. 395 ; *Motherell* v. *Beaver*, 2 Gil. 69.

*Judgment affirmed.*