(No. 34560.—

ELBERT S. SMITH, Auditor of Public Accounts, Appellant, *vs.* ORVILLE E. HODGE *et al.*—(WILLIAM LYDON, Appellee.)

*Opinion filed March 20, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (ROBERT A. SPRECHER, MARK O. ROBERTS, and WILLIAM C. WINES, of counsel,) for appellant.

KAPLAN AND SPARBERG, of Chicago, (SIDNEY J. SPARBERG, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Cook County in favor of the defendant, William Lydon,

quashing a writ of attachment previously issued against him in aid of an action to recover a money judgment. Since the people of the State of Illinois have an interest in the result of this action, the appeal was properly directed to this court.

The State Auditor, for the use and benefit of the People, filed an action in the circuit court of Cook County against Orville E. Hodge, Edward A. Epping, Edward A. Hintz, William Lydon, Southmoor Bank & Trust Company, The First National Bank of Chicago, and the Federal Reserve Bank of Chicago, to recover $1,024,679.32 allegedly diverted from the public funds as a result of a conspiracy between Hodge, Hintz, Epping and Lydon. In aid of the conspiracy action, an affidavit for attachment was filed against several defendants, including the appellee, William Lydon, and certain garnishee defendants believed to have possession or control of funds or other property of the defendants. Attachment writs were thereafter issued and served on the defendants and garnishees.

Appellant's affidavit in support of the issuance of the writ of attachment is based on clause 9 of section 1 of the Attachment Act. (Ill. Rev. Stat. 1957, chap. 11, par. 1.) It alleges, in substance, that the plaintiff has a just demand against Lydon because of his participation in the alleged conspiracy by which certain fraudulent State warrants were cashed by the Southmoor Bank and, after passing through clearing banks, were to be paid or redeemed from State funds. As a result, the plaintiff claims the right to recover from Lydon and the other defendants the sums diverted from the public funds caused by the redemption of the fraudulent warrants. The affidavit then concludes that the defendants fraudulently contracted the alleged indebtedness by statements reduced to writing, to-wit: the fraudulent State warrants.

Lydon answered with the requisite counteraffidavit in which he denied generally the averments in appellant's affi-

davit and specifically denied that he caused to be cashed any fraudulent State warrants in any sum or in any manner. His affidavit further stated that he did not attach his signature to any statement in writing constituting a fraud.

The parties waived a jury and a trial was had solely on the issues raised by these two affidavits. The trial court held there was no evidence to support the charges of fraud and entered an order quashing the writs of attachment issued against Lydon and his garnishee defendants. Appellant appeals to this court for reversal of that order.

Appellee contends that the order quashing the writs of attachment is not a final and appealable order and cites a number of Appellate Court cases in support of his position. It is unnecessary to analyze those cases since this appeal arises subsequent to January 1, 1956, the effective date of section 50(2) added to the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 50(2).) Under the added section a judgment order which does not adjudicate all of the claims, rights or liabilities is unappealable in the absence of an express finding by the trial court that there is no just reason for delaying such appeal until the disposition of the other matters involved.

The judgment order appealed from only quashes the writ of attachment and there is still left for determination by the trial court the primary question of liability. A discussion of the applicability of this section generally appears in *Ariola* v. *Nigro, post,* p. 200, considered and decided at this term of court, and in our opinion, is decisive here. (See also *Hanley* v. *Hanley, post,* p. 209, also decided at this term.)

The judgment order before us, under section 50(2), "is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." It is not a final order and is but one of the issues which may arise on a later appeal. Therefore, the

200

assets sequestered under the writ cannot at this time be released. We do not at this time pass upon the merits of the attachment proceedings but merely hold that the appeal is premature. This appeal must be held in abeyance until the other issues are disposed of.

*Appeal dismissed.*