ROE ET AL. *v.* NORTON, COMMISSIONER
OF WELFARE

No. 73–6033.   Argued February 25, 1975—Decided June 24, 1975

*Frank Cochran* argued the cause and filed briefs for parent appellants.   *David N. Rosen* argued the cause for children appellants.   With him on the brief was *Edward J. Dolan.*

*Michael Anthony Arcari,* Assistant Attorney General of Connecticut, argued the cause for appellee.   With him on the brief were *Robert K. Killian,* Attorney General, and *Paige J. Everin, Lorna M. Dwyer,* and *Francis J. MacGregor,* Assistant Attorneys General.*

*\*Marian Wright Edelman, Norman Dorsen,* and *Leo Pfeffer* filed a brief for the American Academy of Child Psychiatry et al. as *amici curiae.*

PER CURIAM.

Appellants, mothers of illegitimate children receiving Aid to Families With Dependent Children (AFDC) assistance, and the children, commenced this action challenging § 52–440b, Conn. Gen. Stat. Rev. (1973),* which requires the mother of an illegitimate child to divulge to designated officials the name of the putative father of the child. Noncompliance with the statute is a contempt punishable by imprisonment up to one year and a fine of up to $200. A three-judge District Court upheld the constitutionality of § 52–440b against appellants' claims of denial of due process and equal protection and invasion of appellants' right to privacy, and also concluded that the statute did not conflict with the purpose and objectives of the Social Security Act. We noted probable jurisdiction, 415 U. S. 912 (1974). However, since that time Pub. L. 93–647, 88 Stat. 2337, was en-

---

*Section 52–440b, Conn. Gen. Stat. Rev., provides:

"(a) If the mother of any child born out of wedlock, or the mother of any child born to any married woman during marriage which child shall be found not to be issue of the marriage terminated by a divorce decree or by decree of any court of competent jurisdiction, fails or refuses to disclose the name of the putative father of such child under oath to the welfare commissioner, if such child is a recipient of public assistance, or to a selectman of a town in which such child resides, if such child is a recipient of general assistance, or otherwise to a guardian or a guardian ad litem of such child, such mother may be cited to appear before any judge of the circuit court and compelled to disclose the name of the putative father under oath and to institute an action to establish the paternity of said child.

"(b) Any woman who, having been cited to appear before a judge of the circuit court pursuant to subsection (a), fails to appear or fails to disclose or fails to prosecute a paternity action may be found to be in contempt of said court and may be fined not more than two hundred dollars or imprisoned not more than one year or both."

acted. Public L. 93–647 amends § 402 (a) of the Social Security Act to require parents, as a condition of eligibility for AFDC assistance, to cooperate with state efforts to locate and obtain support from absent parents but provides no punitive sanctions comparable to those provided by Conn. Gen. Stat. Rev. § 52–440b (1973). Section 402 (a), as amended, 88 Stat. 2359, 42 U. S. C. § 602 (a) (1970 ed., Supp. IV), provides in pertinent part:

> "A State plan for aid and services to needy families with children must
>
> .        .        .        .        .
>
> "(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—
>
> .        .        .        .        .
>
> "(B) to cooperate with the State (i) in establishing the paternity of a child born out of wedlock with respect to whom aid is claimed, and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child and that, if the relative with whom the child is living is found to be ineligible because of failure to comply with the requirements of subparagraphs (A) and (B) of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments as described in section [606 (b)(2) of this title] (without regard to subparagraphs (A) through (E) of such section) . . . ."

We vacate the judgment of the District Court and remand the case for further consideration in light of Pub. L. 93–647, and, if a relevant state criminal proceeding

is pending, also for further consideration in light of *Younger* v. *Harris,* 401 U. S. 37 (1971), and *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975).

*It is so ordered.*

Mr. Justice Douglas concurs except with respect to *Younger* v. *Harris,* 401 U. S. 37 (1971), and *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975).