## MAHER, COMMISSIONER OF SOCIAL SERVICES OF CONNECTICUT *v.* DOE ET AL.

No. 76–878.  Decided June 20, 1977

PER CURIAM.

The motion of appellees for leave to proceed *in forma pauperis* is granted.

Appellees are mothers of illegitimate children who receive welfare benefits from the State of Connecticut under the Aid to Families with Dependent Children program administered for the Federal Government by the Department of Health, Education, and Welfare (HEW). They are prosecuting this litigation to challenge the constitutionality of § 52–440b, Conn. Gen. Stat. Ann. (1977), which would require them, under pain of contempt, to divulge to appellant the names of the fathers of their children.

In 1975, after a three-judge District Court upheld the constitutionality of § 52–440b, we vacated the judgment and remanded for further consideration in light of an intervening

amendment to § 402 (a) of the Social Security Act,* and, if a relevant state proceeding was pending, in light of *Younger* v. *Harris,* 401 U. S. 37 (1971), and *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975). *Roe* v. *Norton,* 422 U. S. 391.

On remand the District Court held that the *Younger/ Huffman* doctrine did not prohibit the issuance of an injunction in this case. 414 F. Supp. 1368 (Conn. 1976). The court also held that § 52–440b remained valid provided the Connecticut welfare authorities first determine, in accordance with § 402 (a) of the federal statute, that the appellees did not have "good cause" for refusing to cooperate, under standards which take into account the "best interests of the child." 414 F. Supp., at 1381.

Noting that the Secretary of HEW has not yet promulgated regulations defining "good cause" and "best interests of the child," appellant reads the District Court's opinion as enjoining any state proceedings under § 52–440b until such guidance is forthcoming. But the court's opinion contains the following passage in a footnote:

> "HEW has taken the position that the entire amendment [to § 402 (a)] will not become effective until the new regulations have been approved. We do not believe that this is the proper construction of the act.

> .    .    .    .    .

> ". . . [T]he wiser course is to require the Commissioner, if he is unable to determine without the aid of specific regulations that his proposed enforcement action is not against the best interests of the child, to postpone any enforcement until the new regulations have been issued and approved." 414 F. Supp., at 1381 n. 20.

Though it is somewhat ambiguous, the quoted portion can be read to require appellant to make his own determination

---

*Pub. L. 93–647, 88 Stat. 2359, amending 42 U. S. C. § 602 (a) (26) (1970 ed., Supp. V). The District Court also considered a second, subsequent, change in § 402 (a), Pub. L. 94–88, 89 Stat. 436.

of "good cause" and "best interests of the child" *if* he is able to do so without the aid of the HEW regulations. If this is the correct reading, appellant's apprehension that he is presently barred from proceeding in accordance with § 52–440b would be erroneous.

The day after the District Court issued its opinion on remand a new Connecticut statute became effective, 1976 Conn. Pub. Act No. 76–334, amending Conn. Gen. Stat. Ann. § 17–82b. In pertinent part that statute provides:

> "All information required to be provided to the commissioner as a condition of such eligibility [for welfare assistance] under federal law shall be so provided by the supervising relative, provided, no person shall be determined to be ineligible if the supervising relative has good cause for the refusal to provide information concerning the absent parent or if the provision of such information would be against the best interests of the dependent child or children, or any of them. The commissioner of social services shall adopt by regulation . . . standards as to good cause and best interests of the child. Any person aggrieved by a decision of the commissioner as to the determination of good cause or the best interests of such child or children may request a fair hearing in accordance with the provisions of sections 17–2a and 17–2b."

While it is obvious that this pronouncement is intended to have some effect in the general area of this litigation, its impact on § 52–440b is not clear.

Therefore, we must once again vacate the judgment of the District Court and remand this case. That court must now consider its interpretation of § 52–440b in light of the amendment to § 17–82b, and clarify whether appellant is free to make his own "good cause" and "best interests of the child" determinations in the absence of effective HEW regulations.

*It is so ordered.*