Juan HERNANDEZ and Maria Hernandez, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Morgan FINLEY, Clerk of the Circuit Court of Cook County, Individually and in his official capacity and on behalf of all other persons similarly situated, Richard J. Elrod, Sheriff of Cook County, Individually and in his official capacity and on behalf of all other persons similarly situated, Arthur Quern, Director of the Illinois Department of Public Aid, Individually, and in his official capacity, and Vivian O'Malley, Individually and as agent of the Illinois Department of Public Aid, Defendants.

No. 74 C 3473.

United States District Court, N. D. Illinois, E. D.

Aug. 1, 1978.

Fred Lieb, Alan Dockterman, Legal Assistance Foundation of Chicago, James O. Latturner, Catherine Reichelderfer, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Bernard Carey, State's Atty. of Cook County, William J. Scott, Atty. Gen. of Ill., Chicago, Ill., for defendants.

Before PELL, Circuit Judge, and FLAUM and KIRKLAND, District Judges.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on remand from the Supreme Court, *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), for further proceedings consistent with its opinion. The Supreme Court found that this Court wrongly refused to apply the principles of abstention enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) and remanded the case. The Court did not reach the issue of "whether appellees [plaintiffs herein] could have presented their federal due process challenge to the attachment statute in the pending state proceeding." 431 U.S. at 447, 97 S.Ct. at 1920.

The facts of this case are detailed in this Court's earlier opinion reported at 405 F.Supp. 757 and in the Supreme Court's opinion.

## I. ADEQUACY OF STATE PROCEEDINGS TO LITIGATE PLAINTIFFS' FEDERAL DUE PROCESS CLAIM

■ The principles established in *Younger v. Harris, supra,* and *Huffman v. Pursue, Ltd., supra,* require federal courts to abstain from exercising jurisdiction and to dismiss a case seeking to enjoin the operation of a state statute when a previously instituted state court action involving the challenged statute is pending and certain other conditions exist. *See also Trainor v. Hernandez, supra,* and *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). These conditions are that: (1) the pending state suit involves enforcement of important state policies or interests; (2) the federal plaintiff (the defendant in the state suit) has an adequate remedy at law; and (3) the plaintiff will not suffer irreparable harm if denied equitable relief by the federal court.

The reasons for *Younger* abstention are two-fold. First, the "basic doctrine of equity jurisprudence" mandates that courts of equity should not act "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger, supra,* 401 U.S. at 43–44, 91 S.Ct. at 750. Second, considerations of equity, comity and federalism inherent in the overlapping jurisdiction of our legal system dictate that the federal court should not intervene in an already pending state proceeding. *Huffman v. Pursue, Ltd., supra.*

At this stage, it is law of the case that none of the exceptions and all the necessary conditions for *Younger* abstention exist, with the possible exception of the prerequisite of an "adequate remedy at law." It is solely this issue that remains after the remand of this suit by the Supreme Court. Thus, if the Illinois attachment procedures are found to provide plaintiffs with an "adequate" forum in which to challenge the constitutionality of the Illinois Attachment Act, Ill.Rev.Stat. ch. 11, § 1 et seq. (the "Act"), this case must be dismissed.

Plaintiffs contend that the state attachment proceeding does not afford them an adequate forum in which to present their federal due process claims. Plaintiffs claim that because of this inadequacy they are entitled to declaratory and injunctive relief against the enforcement procedures of the Act. Plaintiffs therefore seek reinstatement of this Court's Order and declaratory judgment of December 15, 1975, 405 F.Supp. 757. That Order declared that the Act violated the due process clause of the Fourteenth Amendment and enjoined state officials from using or enforcing its provisions.

Defendants argue that state courts may be presumed capable of adjudicating federal constitutional issues. Defendants contend that pursuant to Illinois Supreme Court Rule 184, plaintiffs could have filed a motion to quash the attachment on constitutional grounds and that any adverse ruling on plaintiffs' claim could be appealed pursuant to Illinois Supreme Court Rules 304 and 308. Further, defendants assert that plaintiffs could obtain a stay of enforcement of judgment under Illinois Supreme Court Rule 305 to prevent their claim from being mooted by an adjudication of the underlying cause of action. In short, while defendants acknowledge that, "[i]t is impossible to accurately determine what would happen if plaintiffs had presented their constitutional claims in state court," defendants contend that the Illinois courts provide plaintiffs with an adequate opportunity to litigate their constitutional claims.

■ The Supreme Court has never fully defined an "adequate" remedy for the presentation of a federal constitutional claim in a pending state court proceeding. Minimally, there must exist "a forum competent to vindicate any constitutional objections interposed against those policies." *Huffman, supra,* 420 U.S. at 592, 95 S.Ct. at 1208. In *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), the Supreme Court held:

The policy of equitable restraint expressed in *Younger v. Harris*, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused *a fair and sufficient opportunity* for vindication of federal constitutional rights. [citation omitted] 421 U.S. at 124–125, 95 S.Ct. at 1531. (emphasis added)

Since *Younger* abstention results in dismissal of the federal suit, there must be an "opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973). A meaningful opportunity to appeal any adverse ruling through the state appellate system must also be available. *Huffman, supra*, 420 U.S. at 609, 95 S.Ct. 1200. Moreover, when a state remedy is uncertain, the federal court must provide relief. *Tully v. Griffin, Inc.*, 429 U.S. 68, 76, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976); *Spector Motor Service v. O'Connor*, 340 U.S. 602, 605, 71 S.Ct. 508, 95 L.Ed. 573 (1951).

Thus, federal courts have found state remedies less than adequate for litigation of constitutional claims where state law appeared to preclude a constitutional challenge in the currently pending state proceeding. *See, e. g., Grandco Corp. v. Rochford*, 536 F.2d 197, 206 (7th Cir. 1976); *Doe v. Maher*, 414 F.Supp. 1368, 1375–77 (D.Conn.1976) (three judge court) *on remand from Roe v. Norton*, 422 U.S. 391, 95 S.Ct. 2221, 45 L.Ed.2d 268 (1975). The Court in *Lessard v. Schmidt*, 413 F.Supp. 1318, 1320 (E.D.Wis.1976) (three judge court) *on remand from* 421 U.S. 957, 95 S.Ct. 1943, 44 L.Ed.2d 445 (1975) found that an "appearance of preclusion" existed when plaintiffs had but a "questionable right of appeal" concerning any constitutional challenge they might raise in the state forum. In *Owens v. Housing Authority of City of Stanford*, 394 F.Supp. 1267, 1271 (D.Conn. 1975), the requirement of an appeal bond in an eviction case, among other factors, led the Court to conclude that the ability to litigate the constitutional claim in state court was "more theoretical than real." *See Caulder v. Durham Housing Authority*, 433 F.2d 998, 1002 (4th Cir. 1970).

Plaintiffs argue that, *at best*, their ability to raise a constitutional challenge to the Act at the hearing on the propriety of the attachment is uncertain or "more theoretical than real." Plaintiffs contend that the only section of the Act that provides for a hearing on the propriety of the attachment is Section 27 and that Section does not give defendant an absolute right to a hearing immediately after the seizure.

Section 27 provides that:

The defendant may answer, traversing the facts stated in the affidavit upon which the attachment issued, which answer shall be verified by affidavit; and if, upon the trial thereon, the issue shall be found for the plaintiff, the defendant may answer the complaint or file a motion directed thereto as in other cases, but if found for the defendant, the attachment shall be quashed, and the costs of the attachment shall be adjudged against the plaintiff, but the suit shall proceed to final judgment as though commenced by summons.

Plaintiffs assert that although Section 27 allows the defendant in the state proceeding to file a motion to quash the attachment, the sole purpose of such a motion is to test the sufficiency and truth of the facts alleged in the affidavit supporting the attachment bond. Plaintiffs claim that Section 28 of the Act restricts challenges to the attachment exclusively to the issues of whether prescribed procedures have been followed and whether the allegations of the affidavit are true. *Schwabacker v. Rush*, 81 Ill. 310 (1897); *Ridgeway v. Smith*, 17 Ill. 33 (1855).

Section 28 provides that:

No writ of attachment shall be quashed, nor the property taken thereon restored, nor any garnishee discharged, nor any bond by him given canceled, nor any rule entered against the sheriff discharged, on account of any insufficiency of the original affidavit, writ of attachment or attachment bond, if the plaintiff, or some

credible person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed, or the writ to be amended, in such time and manner as the court shall direct; and in that event the cause shall proceed as if such proceedings had originally been sufficient.

Plaintiffs argue that even if a constitutional challenge to the Act's procedures could be considered on a motion to quash the attachment, there is no immediate right to appeal a rejection of such a challenge. An order denying a motion to quash is interlocutory and not appealable. *Smith v. Hodge*, 13 Ill.2d 197, 148 N.E.2d 793 (1958); *Brignall v. Merkle*, 296 Ill.App. 250, 16 N.E.2d 150 (1933); *American Mortgage Corp. v. First National Mortgage Corp.*, 345 F.2d 527, 528 (7th Cir. 1965). Thus, the ruling on the validity of an attachment does not become final until the underlying claim is resolved. *Smith v. Hodge, supra*. Plaintiffs claim that at that time the constitutional issue concerning the attachment procedure will be moot because the prevailing party will then be entitled to the property regardless of the validity of the attachment.

In sum, plaintiffs contend that the Illinois attachment procedure does not provide an adequate forum in which to raise their constitutional claim since the Act does not afford a plain, speedy, efficient and certain remedy for review of their federal claim. Thus, plaintiffs assert that the principles of *Younger* and *Huffman* are inapplicable. This Court agrees.

Defendants' contentions to the contrary are inapposite. Illinois Supreme Court Rule 184 provides that *a party may* call up a motion for disposition before or after the expiration of any filing period prescribed by statute or rule. Rule 184 in no way expands or contradicts the limited challenges authorized by Section 28 nor does it provide assurance of a prompt hearing. Since certification of an interlocutory appeal is discretionary and denial thereof is not appealable, *E. M. S. Co. v. Brandt*, 103 Ill.App.2d 445, 243 N.E.2d 695 (1968), Illinois Supreme Court Rules 304 and 308 also do not provide

plaintiffs with a meaningful opportunity to appeal any adverse ruling. Likewise, the possibility of a stay pending appeal pursuant to Illinois Supreme Court Rule 305 does not afford plaintiffs an adequate remedy for their constitutional claim. Not only must plaintiffs file a bond guaranteeing the payment of the judgment, interest, damages and costs, but the *possibility* of *eventual* appeal is no substitute for the right to an immediate appeal challenging plaintiffs' *current deprivation* of property. See *United States General, Inc. v. Arndt*, 417 F.Supp. 1300, 1310 (E.D.Wis.1976).

■ The language of the Act and its construction make it unlikely that Illinois courts would ever address plaintiffs' constitutional claim. Thus, plaintiffs lack an "adequate" state forum in which to challenge the constitutionality of the Act.

This case therefore lacks a fundamental requirement for *Younger* abstention.

## II. DEFENDANTS' MOTION TO DISMISS

In addition to seeking dismissal of plaintiffs' case, defendants' Motion requests that this Court vacate its Orders of October 31, 1975 (certifying this action as a class action) and December 15, 1975 (granting summary judgment and enjoining operation of the Act). By Order of September 27, 1977 this Court vacated the declaratory judgment and injunction entered on December 15, 1975.

Defendants argue that plaintiffs' case is moot because the attachment action against named plaintiffs was dismissed on March 10, 1976. This Court finds defendants' contention unpersuasive.

A crucial element of defendants' argument that this case is now moot is their claim that this case was improperly certified as a class action. Defendants cite footnote 11 of the Supreme Court's decision as support for this contention. 431 U.S. at 447, n. 11, 97 S.Ct. 1911. However, that note does not state that certification of a class in this case is itself error.

The Supreme Court's footnote in no way addressed the merits of class certification. Rather, the conclusion contained in the note is premised on the Court's finding that the grounds on which this Court relied in refusing to abstain were infirm.

■ The Court's view contained in the note is merely the logical conclusion of the process the Court would have district courts employ when faced with claims for dismissal based upon *Younger* abstention. Under the Court's analysis, district courts are to reach the abstention issue first and only determine class certification if dismissal based on abstention is not proper. Since the Supreme Court's opinion found the grounds relied upon by this Court in not abstaining were infirm, it found this Court's *consideration* of the class certification issue inappropriate. Thus, this Court must first determine whether *Younger* abstention is appropriate before considering class certification.

■ Since this Court has now determined that plaintiffs are without an adequate state forum to vindicate their constitutional claims, *Younger* abstention is not required. This Court again considers class certification and finds plaintiff class remains properly certified. Defendants' request to vacate the Order of October 31, 1975 is denied. Consequently, any claim of mootness for the named plaintiffs must be considered under standards appropriate for determination of mootness in class actions.

■ The state court record of proceedings reveals that defendants' attachment action against plaintiffs was stricken with leave to refile. As the Seventh Circuit stated in *Rabinowitz v. Board of College Dist. No. 508*, 507 F.2d 1255 (7th Cir. 1974):

It is established doctrine that the voluntary cessation of the complained action is not sufficient to moot litigation. It must appear with assurance "that 'there is no reasonable expectation that the wrong will be repeated,'" [citation omitted]. The defendants have the "heavy burden of persuasion." (citation omitted). 507 F.2d at 1256.

*See also, Super Tire Engineering Company v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974).

Defendants have failed to meet their heavy burden. Not only could the action against plaintiffs be refiled, but plaintiffs also remain subject to prejudgment seizure of their property by defendants' sheriffs and clerks under the Act. The challenged governmental action has not evaporated or disappeared and "its continuing and brooding presence, casts . . . [an] adverse effect on the interests of the . . . parties." *Super Tire Engineering Company v. McCorkle, supra; United States v. W. T. Grant*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303, 1698 (1953).

Named plaintiffs are seeking damages as well as declaratory relief. Thus, even if their claim for declaratory relief were dormant, their request for monetary relief remains viable. *See, e. g., Brown v. Liberty Loan Corp. of Duval*, 392 F.Supp. 1023, 1028–30 (M.D.Fla.1974), *rev'd on other grounds*, 539 F.2d 1355 (5th Cir. 1976). Even assuming, *arguendo*, that all of named plaintiffs' claim is moot, there is still a live controversy between defendants and the members of plaintiff class. *See Franks v. Bowman*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

Finally, the most compelling indication that this case is not moot is that there has been no change in the status of the parties since the Supreme Court remanded this case for further proceedings consistent with its opinion. Indeed, plaintiffs state that the Court was aware that defendants' case in state court had been stricken with leave to reinstate prior to the Court's decision since counsel for plaintiffs argued these facts in court and in their briefs. In light of the normal practice of the Court to consider the issue of mootness as a preliminary matter, its consideration of substantive issues and subsequent remand demonstrates that the Court had before it a "live" case or controversy. *Sosna v. Iowa*, 419 U.S. 393, 398, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

Accordingly, defendants' Motion to Dismiss is denied.

### III. PLAINTIFFS' MOTION TO REINSTATE JUDGMENT

· Plaintiffs seek to have this Court reinstate the Order entered December 15, 1975. That Order enjoined state officials from using or enforcing the Act's provisions.

After careful consideration of the parties' arguments, this Court finds that the Act and the procedures contained therein do not afford plaintiffs an adequate forum for vindication of federal constitutional rights. Therefore, *Younger* abstention is not applicable to this case. *See* Part I of this Court's Opinion.

Accordingly, plaintiffs' Motion to Reinstate Judgment is granted. The Court hereby reinstates its Order of December 15, 1975 and incorporates it here by reference.

### IV. CONCLUSION

Defendants' Motion to Dismiss is denied.

Plaintiffs' Motion to Reinstate Judgment is granted.

The Court hereby reinstates its Order of December 15, 1975, and incorporates it herein by reference.