Vincent W. **FUSCO** and Carol M. Fusco, **Plaintiffs-Appellants,**

v.

The **STATE OF CONNECTICUT,** the **Town of Trumbull,** the **Planning and Zoning Commission of the Town of Trumbull,** the **Zoning Board of Appeals of the Town of Trumbull, Donald Murray, Individually and as Building Official for the Town of Trumbull, Frank Fennell and Gloria Fennell and Albert A. D'Amato, Defendants-Appellees.**

**No. 1503, Docket 86–7075.**

United States Court of Appeals, Second Circuit.

Argued July 18, 1986.

Decided March 26, 1987.

Order Reconsidering Petition for Rehearing July 2, 1987.
As Amended July 7, 1987.

---

Edward F. Kunin, Bridgeport, Conn., for plaintiffs-appellants.

Lawrence A. Ouellette, Jr., Bridgeport, Conn. (McNamara and Kenney, Bridgeport, Conn., of counsel), for defendants-appellees Frank Fennell and Gloria Fennell.

Ralph L. Palmesi, Trumbull, Conn. (Palmesi, Kaufman, Portanova & Goldstein, Trumbull, Conn., of counsel), for defendants-appellees Town of Trumbull, Trumbull Planning & Zoning Com'n, Zoning Bd. of Appeals of the Town of Trumbull, and Donald Murray.

Kevin F. Collins, Easton, Conn., for defendant-appellee Albert A. D'Amato.

Before WINTER and MAHONEY, Circuit Judges, and ZAMPANO, District Judge.[*]

MAHONEY, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Connecticut granting defendants' oral motion to dismiss the complaint in a lawsuit brought pursuant to 42 U.S.C. § 1983 (1982) in which plaintiffs sought declaratory and injunctive relief to redress alleged violations of their rights under the fourteenth amendment. We affirm.

## BACKGROUND

■ Since the court below dismissed the complaint at the conclusion of a hearing on plaintiffs' motion for a preliminary injunction, at which no evidence was introduced, we accept the allegations of the complaint as true for purposes of this appeal, *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* —— U.S. ——, 106 S.Ct. 1922, 1924 & n. 2, 90 L.Ed.2d 413 (1986) (citing cases), and construe them favorably to plaintiffs, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The complaint alleges that at all relevant times, plaintiffs have been the owners and occupiers of a parcel of land improved with a home located at 470 Shelton Road in Trumbull, Connecticut. Frank and Gloria Fennell, immediately adjacent neighbors of the plaintiffs, applied to the Trumbull Planning and Zoning Commission ("PZC") for

---

[*] The Honorable Robert C. Zampano, Senior District Judge of the United States District Court for the District of Connecticut, sitting by designation.

permission to divide their property into two building lots, one of which would be the site of the Fennells' existing home and the other of which, bordering on plaintiffs' property, would be available for sale.

The PZC published notices of its pending hearing on the Fennells' application in the *Bridgeport Post* on December 8 and 14, 1984. These notices were concededly in accordance with the requirements of Conn. Gen.Stat. § 8–3 (1987).[1] Plaintiffs did not attend the hearing before the PZC, since they never saw the notices in the *Bridgeport Post;* they allege that had they known of the hearing, they would have appeared and opposed the Fennells' application.

The Fennells' property is located in an "AA" residential zone; Trumbull zoning regulations require lots in such areas to have a minimum road frontage of 150 feet. As the Fennells' proposed lot division would have created a building lot which failed to conform to the minimum road frontage requirement, the PZC granted the application conditioned on the approval of a variance from the zoning regulations by the Trumbull Zoning Board of Appeals ("ZBA").

Pursuant to Conn.Gen.Stat. § 8–7 (1987),[2] the ZBA published notices of its hearing on the Fennells' application in the *Bridgeport Post* on January 26 and February 1, 1985. The hearing was held on February 6, 1985. The application required a specification of the "exceptional difficulty" or "unusual hardship" necessitating the request for a variance, but the Fennells specified none. *See* Appendix at 16. Nor was an inquiry as to hardship made at the hearing before the ZBA. *See* Addendum to Appellants' Brief at 36–38. As with the earlier hearing before the PZC, the plaintiffs failed to appear at the February 6 hearing, having missed the notices published in the *Bridgeport Post.*

The Fuscos allege that the Trumbull ZBA customarily requires the posting of property for which a zoning variance is sought. They claim that the Fennells failed to post their property with a notice announcing the hearing before the ZBA.

1. In pertinent part, Conn.Gen.Stat. § 8–3(a) provides that the

> [PZC] shall provide for the manner in which regulations under section 8–2 and the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto, held by a majority of the members of the zoning commission or a committee thereof appointed for that purpose consisting of at least five members, at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located, for public inspection at least ten days before such hearing, and may be published in full in such paper.

2. Conn.Gen.Stat. § 8–7 provides in pertinent part that:

> [n]otice of the time and place of [a hearing before a municipality's ZBA] shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. At such hearing any party may appear in person and may be represented by agent or by attorney.... Whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property or sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision and the zoning bylaw, ordinance or regulation which is varied in its application or to which an exception is granted and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based. Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered.

Thereafter, the Fennells contracted to convey the newly created building lot to defendant Albert A. D'Amato. D'Amato planned to build a house on the lot in such a location as would, according to plaintiffs, destroy their privacy and diminish the value of their property. D'Amato applied to the ZBA for a variance on the sideyard requirement of local regulations. Plaintiffs learned of D'Amato's pending application, since his property had been posted. They appeared before the ZBA and opposed D'Amato's application, which was denied. Nevertheless, according to plaintiffs, D'Amato has stated his intention to build a smaller home, which will require no sideyard variance, very close to plaintiffs' swimming pool.

The Fuscos commenced the instant suit under 42 U.S.C. § 1983 (1982). Asserting a deprivation of property without due process of law, they sought, *inter alia,* a declaration that Conn.Gen.Stat. §§ 8–3, –7 are unconstitutional as they do not require

actual notice of hearings pending before zoning commissions or zoning boards of appeal to parties who are statutorily aggrieved within the meaning of Conn.Gen. Stat. § 8–8(a) (1987);[3] and a preliminary injunction restraining defendants (save the State of Connecticut) from effectuating the subdivision and variance obtained by the Fennells and from issuing a building permit allowing construction of a house on the lot D'Amato agreed to purchase.

At the hearing on plaintiffs' motion for injunctive relief *pendente lite,* defendants moved to dismiss the complaint. The district court heard from both sides, denied the injunction and granted defendants' motion to dismiss. This appeal followed.

## DISCUSSION

In our view, the district court properly dismissed the complaint for failure to state a claim on which relief could be granted.[4]

---

**3.** Conn.Gen.Stat. § 8–8(a) states that:

[a]ny person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8–3 or 8–7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court.

Section 8–8(a) thus provides two classes of persons with a right to appeal ZBA decisions to the Connecticut courts. The first class is composed of "aggrieved" persons, who must demonstrate (1) a specific, personal and legal interest in the substance of the agency's decision, and (2) that this interest has been specially and adversely affected thereby. *Walls v. Planning and Zoning Commission,* 176 Conn. 475, 477–78, 408 A.2d 252 (1979). Such persons are considered "classically aggrieved." *See Pierce v. Zoning Board of Appeals,* 7 Conn.App. 632, 636, 509 A.2d 1085 (1986). The second class is comprised of persons "owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of" the agency. Conn.Gen.

Stat. § 8–8(a). Such persons are "statutorily aggrieved," *see Pierce,* 7 Conn.App. at 636, 509 A.2d 1085; they are deemed to have standing to appeal to the Connecticut courts without proof of aggrievement "independent of their status as abutters." *Nick v. Planning and Zoning Commission,* 6 Conn.App. 110, 112, 503 A.2d 620 (1986).

**4.** It is not clear from the record whether the district court dismissed the complaint for want of subject matter jurisdiction or for failure to state a claim on which relief could be granted. The record reveals the following pertinent dialogue between plaintiffs' counsel and the district court.

THE COURT: [T]he motion for preliminary injunction is denied. The case is hereby dismissed in light of the failure to provide this Court with some jurisdictional basis to hear the claim. Thank you all.

MR. KUNIN: Excuse me, your Honor. Can I present some evidence?

THE COURT: No. The case is dismissed. I have no jurisdiction.

MR. KUNIN: Well, I would like to appeal.

THE COURT: Judgment will enter today. And if that's an appealable ruling, it can be appealed.

MR. KUNIN: Well—but I haven't presented any evidence.

THE COURT: I'm dismissing the complaint for failure to set forth a cause of action, assuming the pleadings in it to be accurate. Here, as in *BAM Historic District Association v. Koch,* 723 F.2d 233 (2d Cir.1983), we believe

■ Our analysis is guided by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), wherein the Supreme Court stated that

> in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

*Parratt*, 451 U.S. at 535, 101 S.Ct. at 1913. Where, as here, a party claims a deprivation of property without due process in violation of the fourteenth amendment, the second *Parratt* element embraces the following inquiry: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law. *See id.* at 536–37, 101 S.Ct. at 1913–14.

As to the first *Parratt* element, we note that it is far from clear how the Fennells and D'Amato may be charged with acting under color of state law so as to be amenable to suit under § 1983. This issue was not aired in the district court, nor was it briefed on appeal. Nevertheless, we will assume each defendant was clothed with the requisite state authority, in light of the fact that plaintiffs have failed to allege facts—nor could they—sufficient to satisfy the second *Parratt* element.

At the oral argument on plaintiffs' motion for a preliminary injunction, the Fuscos were pressed to identify the property rights allegedly deprived by defendants. First, they asserted a property interest in Conn.Gen.Stat. § 8–8(a), which grants statutorily and classically aggrieved persons a right to appeal zoning decisions to the Connecticut courts. They claimed this right was deprived without due process by operation of Conn.Gen.Stat. §§ 8–3, –7, which did not require the relevant authorities to actually notify plaintiffs of the Fennells' pending subdivision application. In other words, as the Fuscos were unaware of the subdivision hearing, there was no way they could comply with the time constraints on taking appeals provided by § 8–8(a); therefore, they were deprived of their right to appeal due to the failure of defendants to provide them with actual notice of the hearing.[5] Second, the Fuscos argued that if defendants were not restrained, the value of plaintiffs' real estate would be diminished, and they would be injured in the enjoyment of their home and surrounding land.

■ We must reject plaintiffs' contentions. The opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning com-

---

that plaintiffs' allegations were "not so insubstantial as to fail to provide an occasion for the District Court's exercise of subject matter jurisdiction; [they] simply failed to state a claim on which relief could be granted...." *Id.* at 237 (citation omitted). Accordingly, our disposition of this case is based on the latter ground of dismissal.

5. Conn.Gen.Stat. § 8–8(a) requires that an appeal be taken from the zoning agency to the Connecticut Superior Court within fifteen days of the date the agency publishes notice of its decision. It is the published notice of the agency's *decision* which triggers the appeal right of § 8–8(a). *See Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals*, 195 Conn. 276, 280 & n. 5, 487 A.2d 559 (1985). Therefore, there is a legitimate question whether failure of Conn. Gen.Stat. §§ 8–3, –7 to require actual notice of a pending zoning *hearing* may be said to cause the loss of a § 8–8(a) appeal by an abutting landowner who is otherwise unaware of its pendency. As the right to appeal does not accrue until adequate notice of a zoning body's *decision* is published, it would seem that a failure to discover the published decision is more directly related to loss of the appeal right. Curiously, plaintiffs have alleged their unawareness of the hearings before the Trumbull PZC and ZBA, but have said nothing regarding the notice of the ZBA's decision on the Fennells' variance. It is reasonable to assume, however, that where, as here, abutting landowners fail to see published notices of hearings pending before local zoning agencies, failure of §§ 8–3, –7 to require actual notice to such parties is causally related to a claimed loss of § 8–8(a)'s appeal right, since a person unaware of a hearing will not be on the lookout for the ultimate decision resulting from the hearing.

missions and zoning boards of appeal is purely procedural and does not give rise to an independent interest protected by the fourteenth amendment. *BAM Historic District Association v. Koch*, 723 F.2d 233, 236–37 (2d Cir.1983); *see also Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir.1985).[6] Plaintiffs' second claim—that the value of their real property will decline absent relief—fares no better. Assuming the truth of the claim, the Fuscos have failed to allege a *deprivation* cognizable under the fourteenth amendment. As we held in *BAM Historic District, supra,* "[g]overnmental action [allegedly causing a decline in property values] has never been held to 'deprive' a person of property within the meaning of the Fourteenth Amendment." *Id.* at 237.

*Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), on which plaintiffs place reliance, is distinguishable. There, a mortgagee's secured interest in real property was extinguished by the operation of an Indiana statute which required only constructive notice to mortgagees of impending tax foreclosure sales. Under those facts, particularly where the challenged statute worked a "complete nullification" of the mortgagee's unquestioned property interest upon his failure to redeem the affected real property within the statutory period, the Supreme Court held mortgagees entitled to "notice reasonably calculated to apprise [them] of ... pending tax sale[s]." *Id.* at 798, 103 S.Ct. at 2711. The Fuscos do not claim, however, nor could they, that "their property has been taken or their use of it so drastically regulated as to destroy its value...." *BAM Historic District,* 723 F.2d at 237 (citations omitted).

## CONCLUSION

For the foregoing reasons, we conclude that plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the judgment of the district court is affirmed.

6. We note that Chief Judge Daly placed considerable reliance, in his dismissal of the Fuscos' complaint, upon *Sullivan v. Town of Salem,* No. H 81–879 (D.Conn. Dec. 13, 1985), which was reversed and remanded in part by this court, 805 F.2d 81 (2d Cir.1986). That reversal, how-

## ORDER RECONSIDERING PETITION FOR REHEARING

We have reconsidered the petition for rehearing in light of the recent decision of the United States Supreme Court in *First English Evangelical Lutheran Church v. County of Los Angeles,* —— U.S. ——, 107 S.Ct. 2378, —— L.Ed.2d —— (1987). We adhere to our previous decision.

ever, was premised upon finding an entitlement under Connecticut law to the issuance of a certificate of occupancy which constituted "property" within the meaning of 42 U.S.C. § 1983; there is no similar entitlement here.