[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 16, 1993 the plaintiff Jerome Dunbar filed a civil rights action against the defendants Albert Lindbolm, Joseph Biondi, Harry Molyneux and Richard Rabbito. In his amended complaint dated October 23, 1993, the plaintiff alleges that the defendant police officers acting under color of state law, willfully and maliciously seized and disposed of his four automobiles without complying with the procedural due process requirements of General Statutes § 14-145 and § 14-150 thereby violating his due process rights under the fourth andfourteenth amendments to the United States Constitution as well as article I
§ 7, 11 and 20 of the Connecticut Constitution. The plaintiff asserts that his four motor vehicles were parked in the Sursum Corda Pavilion, a private lot across from his residence, when one or more of the defendants had his motor vehicles towed on August 6, 1992 and later disposed of without notice to him. The plaintiff has brought this civil rights action pursuant to 42 U.S.C. § 1983
and § 1988.
Section 1983 of 42 U.S.C. provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, or any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "Section 1983 of 42 U.S.C. is available to redress deprivations under color of state law of rights, privileges and immunities secured by federal statutes as well as by the constitution." Fetterman v. University of Connecticut,192 Conn. 539, 549, 473 A.2d 1176 (1984). CT Page 1487
There are two essential elements to a claim brought under42 U.S.C. § 1983: "1) whether the conduct complained of was committed by a person acting under color of state law; and 2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution of laws of the United States." Fuscov. Connecticut, 815 F.2d 201, 205 (2d Cir. 1987), cert. denied,484 U.S. 849, 108 S.Ct. 149, 98 L.Ed.2d 105 (1987).
General Statutes § 14-145.
The defendants argue that on August 6, acting pursuant to the property owner's request, they caused the removal of the plaintiff's four motor vehicles from the Sursum Corda Pavilion. They argue that such removal was under the authority of § 14-145.
The plaintiff argues that the defendants did not act pursuant to the owner's request. They contend that the officers placed red tag stickers on the four motor vehicles on July 29 and subsequently caused the removal of the vehicles on August 6. The plaintiff contends that the defendants could not have acted under § 14-145
because they did not receive permission from the property owner until July 31; therefore, they argue that the defendants "red tagged" the motor vehicles on July 29, pursuant to § 14-150 and later removed them on August 6, pursuant to § 14-150.
Pursuant to § 14-145 a private land owner may direct that unauthorized motor vehicles be removed from his property. General Statutes § 14-145(a) provides that "[a]n owner or lessee of private property, or his agent, may remove or cause to be removed any motor vehicle left without authorization on such property in accordance with provisions of this section.
On August 6, 1992 the defendants caused the removal of the plaintiff's four motor vehicles. The defendants had authority to do so pursuant to the property owner's request. The plaintiff has submitted evidence establishing that the owner of the Sursum Corda Pavilion, where the plaintiff's vehicles were parked, requested the West Haven Police Department in a letter dated July 31, 1992, to remove any unauthorized vehicles from his property. (Plaintiff's Exhibit 7). The defendant removed the plaintiff's motor vehicles on August 6, 1992. Therefore, when the defendant red tagged the motor vehicles on July 29, they had no authority to do so under § 14-145. However, when the officers removed the plaintiff's motor vehicles on August 6, they had legal authority to do so under § CT Page 148814-145 pursuant to the property owner's July 31 request.
Accordingly, the court finds that the defendants had authority to act under this section on August 6, when they removed the plaintiff's motor vehicles from private property. The court finds that the defendants acted under this section and therefore under color of state law when they caused the removal of the plaintiff's vehicles form the Sursum Corda Pavilion on August 6, 1992.
Pursuant to § 14-150, a public officer makes the determination that a vehicle should be towed and summons a towing company to tow the vehicle. The towing company removes the vehicle only at the direction of the officer, who designates the garage where the vehicle is to be stored. The state monitors the sale of an abandoned vehicle by requiring notice of intent to sell and by establishing the procedures for the transfer of title of the vehicle. Because the officer is prominently involved in the towing and storage of an abandoned vehicle pursuant to a state statute, he is acting under color of state law. See Dutch Point Credit Unionv. Caron Auto Works, 36 Conn. App. 123, A.2d (1994).
The second inquiry is whether the plaintiff was deprived of a right secured by the constitution. "Where . . . a party claims a deprivation of property without due process in violation of thefourteenth amendment, the second element [of a claim under42 U.S.C. § 1983] embraces the following inquiry: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law." Fusco v. Connecticut, supra, 205.
An owner possesses a substantial property interest in his motor vehicle . . . Dutch Point Credit Union v. Caron Auto Works, supra. The plaintiff, as owner of the four motor vehicles, was entitled to due process protection before his vehicles were seized. See Dutch Point Credit Union v. Caron Auto Works, Id.
Section 14-145 provides that an owner of private property or his agent may remove or cause to be removed any motor vehicle left without authorization on such property. This section does not set forth any notice requirements that an officer must satisfy before removing such abandoned or unauthorized motor vehicles.
The court finds that on July 29, 1992, the defendants affixed CT Page 1489 a red tag notice to the defendants motor vehicles. Such action was taken pursuant to § 14-150. As such, the cars were subsequently removed on August 6, 1994, eight days later, which the court finds complies with the notice requirements of § 14-150(c)(2). Such section provides that any apparently abandoned or unregistered motor vehicles whether situated within or without any highway of this state may be removed after 24 hours notice. The court finds for the defendant with costs.
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee