20-62-cv
*Tang v. Visnauskas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
RICHARD J. SULLIVAN,
*Circuit Judges.*

———————————————————————————

HONG TANG,

*Plaintiff-Appellant*,

v.                                                                                      20-62-cv

RUTHANNE VISNAUSKAS, Commissioner of the New York State Division of Housing and Community Renewal, WOODY PASCAL, Deputy Commissioner of the New York State Division of Housing and Community Renewal,

*Defendants-Appellees*.

———————————————————————————

**For Plaintiff-Appellant:**                    Hong Tang, pro se, San Francisco, CA.

**For Defendants-Appellees:**                    Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Hong Tang, pro se, sued the Commissioner and Deputy Commissioner of the New York State Division of Housing and Community Renewal ("DHCR"), asserting due process and equal protection claims pursuant to 42 U.S.C. § 1983.  Tang's claims arose out of an administrative proceeding with DHCR in which he alleged that he, a subtenant, had not received a copy of his lease, and in which he indicated that the tenant may have unlawfully sublet the rent stabilized apartment to him.[1]  After granting Tang an opportunity to articulate

---

[1] We do not consider Tang's substantive due process claim, or his claim that he was deprived of a liberty interest without due process, because these claims were raised for the first time on appeal.  *See, e.g., Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

his claims at oral argument and leave to amend his complaint, the district court dismissed the action for failure to state a claim on which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) de novo. *See Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). And while we review the denial of a motion for reconsideration for abuse of discretion, "[w]e generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 52–53 (2d Cir. 2019).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations in the complaint are assumed to be true, this tenet does not apply to legal conclusions. *Id.* When applying these principles in the context of a complaint

3

filed by a pro se litigant, we "conduct our examination with special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotation marks omitted).

## I. Procedural Due Process

To prevail on a procedural due process claim, a plaintiff must (1) "identify a property right," (2) "show that the state has deprived him of that right," and (3) "show that the deprivation was effected without due process." *Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir. 1990) (emphasis omitted). We reject Tang's argument that DHCR's alleged failure to apply its own procedures created a property interest in and of itself, because a state or state agency rule that is "purely procedural . . . does not give rise to an independent interest protected by the [F]ourteenth [A]mendment." *Fusco v. Connecticut*, 815 F.2d 201, 206 (2d Cir. 1987); *see also W. Farms Assocs. v. State Traffic Comm'n of Conn.*, 951 F.2d 469, 472 (2d Cir. 1991) ("[T]he Due Process Clause does not protect against the deprivation of state procedural rights."). And even if Tang had a protected property interest in the alleged rent overcharges unlawfully gained by the sublessor, he has failed to demonstrate that the *state* deprived him of these funds. In fact, Tang does not

allege that the state or DHCR owes him the funds or that the state benefitted from any alleged rent overcharges.

Tang's procedural due process claim is premised on his allegation that the defendants failed to comply with the procedures established in DHCR Fact Sheet #7. He appears to construe this fact sheet as requiring DHCR to resolve disputes over rent overcharges as part of its administrative duties pertaining to tenant complaints regarding lease renewals by owners. However, neither the fact sheet nor the complaint form provided by DHCR suggests that DHCR resolves rent disputes between tenants and owners. Moreover, Tang did not explicitly claim rent overcharges; he mentioned only that he was "a possible victim in an 'Illusory Sublet' situation." Dist. Ct. Dkt. 10-1 at 3. As noted by defendant Deputy Commissioner Woody Pascal in his administrative decision, rent overcharges were not relevant to Tang's administrative proceeding with DHCR regarding the owner's alleged failure to provide a copy of the lease. Accordingly, the district court correctly dismissed Tang's procedural due process claim.

## II. Equal Protection

The district court correctly determined that Tang's equal protection claim was untimely. "The statute of limitations on an Equal Protection claim brought in

New York under 42 U.S.C. § 1983 is three years" and accrues when the plaintiff "knew or should have known of the disparate treatment." *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013). Here, Tang's unequal treatment claim accrued when DHCR issued its final decision on January 26, 2016. Although Tang's original district court complaint was filed on January 25, 2019, the last day of this three-year period, his amended complaint was filed after the statute of limitations had expired and did not relate back to his original complaint. In fact, Tang's original complaint contained no factual assertions whatsoever regarding the equal protection claim. *See Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) ("[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." (internal quotation marks omitted)). As such, the district court properly concluded that Tang's equal protection claim was barred by the three-year statute of limitations.

## III. Reconsideration

Reconsideration is "an extraordinary request that is granted only in rare circumstances," and "will generally be denied unless the moving party can point

6

to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (internal quotation marks omitted). In his motion for reconsideration, Tang did not cite controlling decisions that the district court had overlooked, and although he correctly noted that the court had misattributed a quote from defendant Pascal's administrative decision to the state court judge presiding over his Article 78 proceeding, that error did not affect the court's conclusion that he lacked a property interest necessary to state a due process claim. Accordingly, the district court did not abuse its discretion in denying his request for reconsideration.

\*　　\*　　\*

We have considered all of Tang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7